MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

JONATHAN SCHMIDT (CABN 230646)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    E-Mail: jonathan.schmidt@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-0099 WHA |
|     Plaintiff, | |
| v. | DEFERRED PROSECUTION AGREEMENT |
| LAWRENCE R. GOLDFARB, and BAYSTAR CAPITAL MANAGEMENT, LLC, | |
|     Defendants. | |

    The defendants, Lawrence R. Goldfarb and Baystar Capital Management, LLC, and the United States Attorney's Office for the Northern District of California ("this Office"), enter into this Deferred Prosecution Agreement ("the Agreement").

Introduction

    1.    The United States has filed the captioned Information against Lawrence R. Goldfarb and Bay Star Capital Management, LLC, in the United States District Court for the Northern District of California charging each defendant with one count of wire fraud, in violation of Title 18, United States Code, Section 1343. A copy of the Information is attached as Exhibit A.

Deferred Prosecution Agreement
CR 11-0099 WHA

2. The defendants admit and accept responsibility for the conduct giving rise to the Information. The defendants further admit that all the facts set forth in the Statement of Facts, attached as Exhibit B, are true and accurate. The defendants further agree not to contest the sufficiency of the Statement of Facts to support a conviction for the crime charged in the Information.

3. This Office enters into this Agreement because it is persuaded that it is in the public interest to do so and because the defendants have satisfied the criteria for such decisions.

### The Defendants' Promises

4. The defendants promise to cooperate fully and in good faith with this Office, and with any other agency designated by this Office, regarding all the facts and circumstances of this case and any other matters arising out of the investigation that led to the instant Information. In particular, the defendants agree that their cooperation shall include, but is not limited to, the following:

   a. Meeting with this Office when requested to do so and providing complete and truthful information in response to any question raised by this Office with respect to the facts and circumstances of the wire fraud and any other matters within the scope of the investigation that led to the Information; and

   b. Providing all documents, records, or other tangible evidence in the defendant's possession, custody, or control concerning these subject matters when requested to do so by this Office.

5. The defendants have agreed to pay restitution of $12,112,416 pursuant to the terms of the Judgment in *Securities and Exchange Commission v. Lawrence R. Goldfarb* and *Baystar Capital Management, LLC*, CV-11-0938 (N.D. Cal. Mar. 1, 2011) (DMR)

6. The defendants agree to be barred for three years, running from the day this agreement is fully executed, from association with any broker, dealer, investment advisor, municipal securities dealer, municipal adviser, transfer agent or nationally recognized statistical organization.

7. Subject to Paragraph 8, the duration of this Agreement shall be for thirty-six months running from the date this Agreement is fully executed. Notwithstanding, the defendants

agree that they shall not be released from the terms and conditions of this Agreement until they have made all the restitution payments required pursuant to Paragraph 5 and they further agree that any failure to make such payments according to the terms agreed to by this Office shall constitute a material breach of this Agreement.

8. The final termination of this Agreement shall occur upon delivery of a written notification from the Office to the defendants. Before any such notice shall be given, however, the defendants promise to submit to the Office a written certification, signed under penalty of perjury, that they have fully complied with the terms and conditions of this Agreement.

The Office's Promises

9. Based on the defendants' willingness to come forward and confess their wrongdoings, pay restitution, and agree to disbarment from association with any broker dealer *etc.*, following the successful completion of the 36 month period described above, the Office agrees:

    a. To dismiss the Information against the defendants subject to the agreements and understandings set forth herein; and

    b. Not to prosecute the defendants for any other conduct arising out of the investigation that led to the Information.

During the interim 36 month period, the Office agrees not to prosecute the defendants for any other conduct arising out of the investigation that led to the Information.

10. Other than those explicitly set forth in Paragraph 9, the Office does not make any other promises to the defendants.

Breach

11. The defendants understand and agree that if they commit a material and knowing breach of this Agreement, the Office may prosecute the defendants for conduct alleged in the Information and for any other conduct whether contained in the Information or not. If this Office re-files the attached the Information for any reason, the defendants hereby agree to proceed by Information and waive in open court prosecution by indictment, and otherwise to comply in all respects with Federal Rule of Criminal Procedure 7(b).

12. During the pendency of this Agreement, the defendants stipulate and agree:

     a.     To waive all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, Title 18 United States Code, Section 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court; and

     b.     To waive any rights under the applicable statute of limitations to any prosecution based on the charges contained in the Information and to any other federal criminal charges that could have been brought arising out of the investigation that led to the instant Information.

The defendants agree that their waivers of these rights are knowing and voluntary.

13.     The defendants understand and agree that this Office alone, acting in its sole discretion, will determine whether the defendants knowingly breached this Agreement as to a material matter. If, after following the procedures outlined in Paragraph 15, the Office determines that the defendants have breached the terms and conditions of this Agreement, the Office will be released from all of its promises but the defendants will not be released from any of their promises herein.

14.     In the event of a breach of this Agreement and any resulting prosecution for the charges in the Information and any other charges, the defendants agree, in the trial or adjudication of those charges:

     a.     To stipulate to the admissibility into evidence of the Statement of Facts and agree not to offer any contradictory evidence or arguments;

     b.     To stipulate to the admissibility of all statements made by the defendants (including all statements made during so-called proffers sessions and notwithstanding any other agreements made at the time of those proffer sessions and including this Agreement) and agree not to offer any contradictory evidence or arguments; and

     c.     To waive any claim under the United States Constitution, Rule 410 of the Federal Rules of Evidence, or any other rule, that statements made by the defendants prior to or subsequent to this Agreement, or any leads derived therefrom, should be inadmissible or should be suppressed.

15.     Should it determine that the defendants have breached any provision of this Agreement, the Office shall provide notice to the defendants of the alleged breach and provide the defendants with a two-week period in which to make a presentation to the Office to demonstrate

Deferred Prosecution Agreement
CR 11-0099 WHA

4

that no breach has occurred, or, to the extent applicable, that the breach was not a knowing or material breach, or that any breach has been cured. After hearing from the defendants, however, the decision whether a breach has occurred, and, if so, whether that breach was knowing and material, shall be within the sole discretion of the Office and not subject to judicial or other review.

Conclusion

16. It is understood that this Agreement is binding on the defendants and this Office, but specifically does not bind any other federal agencies, or any state or local law enforcement or licensing authorities. If requested to do so, this Office will bring the cooperation of the defendants and their compliance with the obligations under this Agreement to the attention of other federal agencies and state and local law enforcement or licensing authorities. Furthermore, nothing in this agreement restricts in any way the ability of this Office to proceed against any individuals who are not parties to this Agreement.

17. This Agreement may not be modified except in writing signed by all the parties.

MELINDA HAAG
United States Attorney

Date: 3-1-11

JONATHAN SCHMIDT
Assistant United States Attorney

Agreed and Accepted:

Date: 3/1/11

LAWRENCE R. GOLDFARB on behalf of himself
and BAYSTAR CAPITAL MANAGEMENT, LLC,

Date: 3/1/11

STEVEN M. KATZ
Counsel to Lawrence Goldfarb and
BayStar Capital Management, LLC,

Deferred Prosecution Agreement
CR 11-0099 WHA

5